PER CURIAM.
We have for review the Referee’s report recommending that the Respondent, Steven Loveland, be disbarred from the practice of law. Rule 11.09, Integration Rule of The Florida Bar, 32 F.S.A.
The report of the Referee, and the record filed with this Court, reveal that the Respondent suffered a series of personal misfortunes, which adversely affected his ability to discharge the duties and trust placed in him by others.
The Referee’s findings of fact, which are sufficiently supported by evidence, are as follows:
“1. The Respondent, on or about April 10, 1964, was appointed the legal guardian of the estate of Ninetta Pelli-cano, an incompetent.
“2. The Respondent collected an unknown amount of the assets belonging to the estate for which he never accounted.
“3. The assets were commingled with his personal trust account; he never filed an inventory with the Court, he never filed an accounting with the Court and he never kept records for the estate to account for the assets.
“4. There is a showing of his failure to account for funds and the commingling of funds with his personal trust account, among other estates, however, they are still open and the gravamen of this action is the Pellicano estate.
“5. The admission by the Respondent, that he is incapable of handling his personal affairs, therefore, he is unable to handle the affairs of his clients.”
Examination of the record reveals that the Respondent was entrusted with the administration of several estates. During *20 1969, a Broward County judge conferred with Respondent in an attempt to secure the proper administration of a guardianship estate, including an accounting. Failing to receive satisfactory response, this official referred the matter to the Seventeenth Judicial Circuit Grievance Committee B.
At a hearing conducted by the Committee, the judge testified that Respondent’s records in the guardianship estate were inadequate, and did not reveal the amount of income on behalf of his elderly, incompetent ward. Considerable uncertainty existed as to the purposes for which estate moneys had been spent. Trust funds were commingled with other funds in Respondent’s banking accounts.
At hearing, Respondent was unable to produce records to answer questions posed by members of the Committee. He testified he kept no systematic records of estate income or expenses. During his testimony, he stated that he had ceased the practice of law, and had not renewed his membership in The Florida Bar. He said he had done so
“[Bjecause I reached the decision a long time ago that I should not be practicing law because I was incapable of handling my own affairs, and certainly the answer was this, that if I couldn’t handle my own affairs, how could I go ahead and handle my clients’ affairs?”
The record of these proceedings also reveals that Respondent is 52 years of age, and was admitted to practice more than 20 years ago. No disciplinary action ever was taken against him during his first 20 years of practice. The record also discloses Respondent suffered serious personal and- business difficulties. Respondent’s difficulties appear to be due to bad judgment and mismanagement, rather than actual dishonesty.
In deciding this case, we are guided by the purposes underlying the disciplinary procedures established by the Integration Rule. These purposes are to serve the public, to improve the administration of justice, and to advance the science of jurisprudence. Preamble Integration Rule of The Florida Bar. Although penalty provisions are included in the Rule, its statement of purposes makes clear that the Rule is intended to serve the public and other noble ends, and not simply to punish breaches of ethical conduct.
Respondent in this cause has not been shown to be a man with an evil mind, against whose designs the public must be protected. Rather, Respondent appears from the record to be a man who functioned as a lawyer for a major part of his productive life, then was overwhelmed with personal difficulties. That these difficulties rendered the Respondent incapable of practicing law and looking after the affairs of others is not denied. In fact, Respondent admitted his incompetence as a practitioner. Unfortunately, Respondent did not voluntarily cease his practice of law until matters which had been entrusted to him were thrown into hopeless, perhaps permanent, disarray.
In light of the purpose of the Integration Rule to serve and protect the public, and in view of the whole circumstances of this case, we conclude we must affirm the recommendation of the Referee that the membership of Respondent in The Florida Bar be indefinitely severed. The Integration Rule permits a former practitioner to seek reinstatement upon a showing he is capable of discharging the responsibilities of his profession. Rules 11.-10(4), 11.11.
It is the judgment of this Court that Respondent be indefinitely disbarred from the practice of law, and that he be taxed costs in the sum of $134.00.
It is so ordered.
ROBERTS, C. J., and ADKINS, BOYD, McCAIN and DEKLE, JJ„ concur.